Youssef H. Hammoud (SBN: 321934)
yh@lawhammoud.com
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693

*Attorneys for Plaintiff*
*Aja Vasquez-Looper*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| AJA VASQUEZ-LOOPER,<br><br>Plaintiff,<br><br>v.<br><br>DESERT VALLEY HOSPITAL, LLC;<br>RENAISSANCE IMAGING<br>MEDICAL ASSOCIATES, INC.;<br>DESERT VALLEY MEDICAL<br>GROUP, INC.; and JMD, LLC d/b/a<br>HIGH DESERT CREDITORS<br>SERVICE;<br><br>Defendants. | Case No. 5:22-cv-859<br><br>1. RFDCPA, Cal. Civ. Code. § 1788 *et seq.*<br>2. FDCPA, 15 U.S.C. § 1692, *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Aja Vasquez-Looper ("Plaintiff"), by and through her attorneys,

alleges the following against Defendants Desert Valley Hospital, LLC ("DVH"),

Renaissance Imaging Medical Associates, Inc. ("RIMA"), Desert Valley Medical

Group, Inc. ("DVMG"), and JMD, LLC d/b/a High Desert Creditors Service ("HDCS").

## INTRODUCTION

1.      Counts I & II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2.      The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3.      Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

4.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.      Because Defendants conduct business within the County of San Bernardino, State of California personal jurisdiction is established.

## **PARTIES**

6.    Plaintiff is a natural person residing in San Bernardino, California

7.    Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

8.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.    Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendants, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

10.    As a partnership, corporation, limited liability company, or other similar entity, Defendants are a "person" within the meaning of Cal. Civ. Code § 1788.2(g) of the Rosenthal Act, and within the meaning of Cal. Civ. Code § 1785.3(j).

11.    Defendants allege Plaintiff owed it money arising out of medical services performed upon Plaintiff by Defendants DVH, RIMA, and DVMG for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d).

12.     Plaintiff allegedly owed a monetary debt to Defendants, which makes Defendants each a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

13.     Upon information and belief, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

14.     Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15.     Plaintiff is informed and believes Defendants regularly collect or attempt to collect debts on behalf of themselves and is therefore both a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

16.     At all relevant times herein, Defendant DVH was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant DVH can be served through its agent for service of process, Cogency Global, Inc., located at 1325 J Street, Ste 1550, Sacramento, CA 95814.

17.     At all relevant times herein, Defendant RIMA was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant RIMA can be served through its agent for service of process, CSC – Lawyers Incorporating Service, located at 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833.

18.     At all relevant times herein, Defendant DVMG was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant DVMG can be served through its agent for service of process, Cogency Global, Inc., located at 1325 J Street, Ste 1550, Sacramento, CA 95814.

19.     At all relevant times herein, Defendant HDCS was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). In addition, Defendant is in the business of debt collection. Defendant therefore is a

COMPLAINT AND DEMAND FOR JURY TRIAL

"debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant HDCS can be served at its principal place of business located at 14608 Main Street, #B, Hesperia, CA 92345.

20.    Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

### A. **Plaintiff' Workplace Injury**

21.    Defendants are attempting to collect an alleged debt from Mrs. Vasquez-Looper.

22.    In or around October 2021, Mrs. Vasquez-Looper received medical services from Defendants DVH, RIMA and DVMG, for treatment arising from the injuries that are the subject of Plaintiff's worker's compensation claim, of which Defendants and their entire staff knew about and were aware all billings for services should be handled pursuant to the Worker's Compensation Act.

23.    During Plaintiff's visit(s) with Defendants, she informed Defendants that her injuries were the result of her work-place accident and provided all information necessary to bill the proper party.

24.     Nevertheless, Defendants began attempting to collect from Plaintiff directly and sent Plaintiff bills for collection for medical services she was not legally responsible for.

25.     Cal. Civ. Code § 1788, which prohibits unlawful debt collection activity, is a strict liability statute.

26.     15 U.S.C. § 1692, which prohibits unlawful debt collection activity, is a strict liability statute.

**B. <u>Defendants' Collection Activity</u>**

***i.      Defendant DVH's Unlawful Collection Activity***

27.     In or around October 2021, Plaintiff received a medical statement from Defendant DVH indicating that Plaintiff had an outstanding balance and requested payment of the medical services provided for the treatment of injuries that are the subject of his worker's compensation claim.

28.     The letter was attempting to collect an amount of $3,118.60, of which Plaintiff is not responsible for.

29.     The letter was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

30.     On one or more occasion, either by phone or in person, Plaintiff directly informed Defendant DVH that the medical services rendered were related to her workers compensation claim.

31.     Furthermore, Plaintiff provided all necessary information to Defendant DVH to properly bill the medical services it rendered that was related to Plaintiff's workplace injury.

### ii.      Defendants DVMG and HDCS Unlawful Collection Activity

32.     In or around October 2021, Plaintiff received medical statements from Defendant UHS for payment of medical services provided for the treatment of injuries that are the subject of his worker's compensation claim.

33.     The letters were attempting to collect an amount of $347.93, of which Plaintiff is not responsible for.

34.     In or around January 2022, Plaintiff received a collection letter from Defendant HDCS for payment of medical services provided for the treatment of injuries that are the subject of her worker's compensation claim.

35.     The letter was attempting to collect an amount of $347.93, of which Plaintiff is not responsible for.

36.     The letter was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

COMPLAINT AND DEMAND FOR JURY TRIAL

37.     Upon information and belief, Defendant HDCS placed debt collection calls to Plaintiff in an attempt to collect on the alleged debt.

38.     Upon information and belief, Defendant HDCS lacks any policies and procedures to avoid collection on medical bills that are subject to a workers compensation claim.

### iii.     *RIMA Unlawful Collection Activity*

39.     In or around October 2021, Plaintiff received medical statements from Defendant RIMA for payment of medical services provided for the treatment of injuries that are the subject of her worker's compensation claim.

40.     The letter was attempting to collect an amount of $50.00, of which Plaintiff is not responsible for.

41.     The letter was attempting to collect an amount that was not permitted by law because Plaintiff was not responsible for any and all medical bills received that were related to her workplace injury.

42.     In or around November 2021, Plaintiff received another medical statement from Defendant RIMA for payment of medical services provided for the treatment of injuries that are the subject of her worker's compensation claim.

43.     The letter was attempting to collect an amount of $50.00, of which Plaintiff is not responsible for.

### iv.     *Defendant HDCS unlawful disclosure of information*

44. At an exact time known only to Defendant HDCS, the alleged debt owed to DVMG was assigned or otherwise transferred to HDCS for collection.

45. In its efforts to collect on the alleged debt owed to DVMG, Defendant HDCS decided to contact Plaintiff by written correspondence.

46. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant HDCS decided to utilize a third-party vendor to perform such activities on its behalf.

47. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged DVMG debt to the third-party vendor by electronic means.

48. The information conveyed by Defendant HDCS to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged DHMG debt, the account number, the entity to which Plaintiff allegedly owed the debt, the fact that the alleged debt concerned Plaintiff's medical treatment, Plaintiff's home address, and other information.

49. In fact, Defendant HDCS conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

50. Defendant HDCS' conveyance of the information regarding the alleged debt owed to DVMG to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692(a)(2).

COMPLAINT AND DEMAND FOR JURY TRIAL

51. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant HDCS' direction.

52. A correspondence, sent in or around January 2022, was received and read by Plaintiff. (the "HDCS letter").

53. The HDCS Letter, which conveyed information about the alleged debt owed to DVMG, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

54. The FDCPA prohibits the sharing of information regarding a consumer "*without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy...*" See 15 U.S.C. § 1692c(b).

55. In the relevant part, Section 1692c(b) states, "*a debt collector may not communicate in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" See 15 U.S.C. § 1692c(b).

56. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

57. Plaintiff did not provide her prior consent to the sharing of her information with the third-party letter vendor Defendant HDCS utilized.

58. Defendant HDCS' intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress causing Plaintiff to spend time to retain counsel, causing her loss of time.

59. All of Defendants unlawful collection efforts regarding alleged debt arising from medical services rendered related to a workers compensation claim caused Plaintiff to suffer from emotional distress and mental pain and anguish, including but not limited to, stress, anxiety

## COUNT I
### All Defendants
### (Violations of CAL. CIV. CODE § 1788 *et seq.*)

60.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

a. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the

provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

   a.  Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

   b.  Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

   c.  Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

   d.  Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

   e.  Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

   f.  Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

- 13 -
COMPLAINT AND DEMAND FOR JURY TRIAL

62.     Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

63.     As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### Defendants HDCS
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

64.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

    b.  Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    c.  Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d.  Defendant violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e.  Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

f.  Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

66.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

67.    As a result of the foregoing violations of the FDCPA, HDCS is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Aja Vasquez-Looper, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the RFDCPA;

B. Declaratory judgment that Defendant HDCS violated the FDCPA;

C.  Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

D.  Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

E.  Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F.  Actual damages against Defendant HDCS pursuant to 15 U.S.C. §1692k(a)(1);

G.  Statutory damages against Defendants HDCS of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

H.  Attorneys' fees and costs against Defendant HDCS pursuant to 15 U.S.C. §1692k(a)(3).

I.  Punitive damages pursuant to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294.

J.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

K.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

COMPLAINT AND DEMAND FOR JURY TRIAL

Respectfully submitted this May 23, 2022.

By: /s/ *Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693

*Attorneys for Plaintiff,*
*Aja Vasquez-Looper*